[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 1, 1997
This is an action by a police officer claiming damages for personal injuries incurred while he was responding to a call at 70 Capri Street, Windsor, to remove several children from the home. The officer was allegedly injured when Stephen Farrelly, one of the children living at the home, allegedly pushed or bumped into the plaintiff on the stairway leading to the second floor causing him to fall down the stairs.
The First Count of the Revised Complaint dated February 3, 1997 is directed to Denise Farrelly, owner of the premises, alleging that she negligently placed the children in the care of relatives telling them to call the police if the resident children brought any guests home although she knew her sons, one of whom was Stephen Farrelly, had a propensity for violence.
The Second Count is directed to Denise Farrelly as being statutorily liable for the torts of her children.
The Third Count is directed to Stephen Farrelly for his negligent actions which led to his arrest and accidentally bumping the officer while resisting arrest.
The Fourth Count is directed against Stephen Farrelly alleging that he willfully committed these actions.
Defendants move to strike the First and Third Counts which are based on negligence because as pleaded they do not state a viable cause of action since the claims of the plaintiff police officer are barred by the "fireman's rule."
-I-
The fireman's rule prohibits a police officer from "complaining of negligence in the creation of the very occasion for his engagement" because of the fundamental assumption that police officers are employed, at least in part, to deal with the hazards that may result from taxpayers' future negligence. Kaminski v. Fairfield, CT Page 3149216 Conn. 29 (1990).
It is true that this court has held the rule not to constitute a bar in an automobile accident case where the police officer was engaged in duties only remotely connected with the circumstances leading to his injury and there was a material question of fact whether the negligent driver could reasonably foresee that his negligence would expose a police officer collecting tolls to the harm suffered. Eldridge v. Clark, Superior Court of Hartford-New Britain at Hartford, No. 555720,18 CONN. L. RPTR. 113 (October 16 1996, Wagner, J.).
In the present case, both the alleged negligence of the premises owner in suggesting that the police be called when she knew her resident son had a propensity for violence and the alleged negligence of the minor son in bumping the officer, are acts of negligence which either created or were intimately connected with the very occasion for which the officer was summoned.
 The intent behind the fireman's rule was to prohibit all causes of action by the police officer that resulted while the officer was engaged in the performance of his official duties. This is regardless of whether the officer sues the tortfeasor, the party calling the officer to action or the owner of the premises. The fireman's rule is grounded in public policy and is not limited to premises liability cases.
 Fournier v. Battista, Superior Court of Hartford-New Britain at Hartford, No. CV96 472570 (July 16 1996, Handy, J.) 17 CONN. L. RPTR. No. 8, Sept. 9, 1996. The allegations of negligence in the First and Third Counts, in the factual context of the present case fall squarely within the thrust of the rule and are insufficient at law. Motions to Strike First and Third Counts granted.
WAGNER, J.